```
_____
                               :
JAMES GEORGE DOURIS        :UNITED STATES DISTRICT COURT
                               :DISTRICT OF NEW JERSEY
        Plaintiff(s),      :
                               :Civil Action No. 10-2650(FLW)
   -vs-                     :ARB: Yes__    No __X
                               :
HOPEWELL TOWNSHIP, ET AL. :
                               :ORDER SCHEDULING CONFERENCE
                               :
        Defendant(s).      :
_____:
```

IT IS on this 15ᵗʰ Day of September, 2010;

ORDERED, pursuant to Fed. R. Civ. P. 16, that a scheduling conference be held before the Honorable Douglas E. Arpert, on October 26, 2010 @ 3:00 p.m, in Trenton, Courtroom 6W.  It is further

ORDERED that (1) prior to the above conference, all counsel and individuals who are appearing on their own behalf (or "pro se") confer on a joint discovery plan (see L.Civ.R. 26.1(b)); (2) the joint discovery plan, as well as any disputes regarding it, be submitted to the undersigned no later than three weeks prior to the above conference (see L.Civ.R. 26.1(b)); the joint

discovery plan should NOT be electronically filed, but

may be submitted to Chambers via regular mail, facsimile

[(609) 989-0451], or e-mail

[dea_orders@njd.uscourts.gov]; (3) at the above

conference, all parties not appearing *pro se* shall be

represented by counsel with full authority to speak for

their clients in all pretrial matters (see L.Civ.R.

16.1(a)); (4) Plaintiff(s) notify any party who

hereafter enters an appearance for the above conference

and forward to that party a copy hereof; and (5) the

parties are to advise the Honorable Douglas E. Arpert

immediately if this action has been settled or

terminated, so that the above conference may be

cancelled.

Furthermore, counsel and litigants are advised that,

pursuant to Fed.R.Civ.P. 26, 30, and 33, early

disclosure requirements and limitations on depositions

and interrogatories will be enforced; therefore, counsel

shall exchange the following information without formal

discovery requests:

(i)  identities of individuals with knowledge of

facts that support your claims on defenses;

(ii)    A copy of, or description by category

and location of, documents and things

in the possession of counsel or the

parties regarding the disputed issues;

(iii)    insurance agreements in force; and

(iv)    statement of the basis for any damages

claimed;

and it is further

ORDERED that the meeting of parties required by

Fed.R.Civ.P. 26(f) shall take place four (4) weeks prior

to the date of the initial conference; and it is further

ORDERED that upon the entry of appearance of any new

and/or additional counsel subsequent to the date of this

Order, Plaintiff's counsel shall send a copy of this

Scheduling Order to the newly appearing attorney(s), but

on any third party claim, the counsel for the third

party plaintiff shall send a copy of this Order to the

newly entering counsel for third party defendant(s); and

it is further

ORDERED that all parties shall confer and submit a

Joint Discovery Plan to the Magistrate Judge not less

than three (3) weeks prior to the above-stated

conference date, as required by L.Civ.R. 26.1(b) of this

Court.  The conference date should appear on the caption

of the Joint Discovery Plan, which shall include, at a

minimum, the following items: (1) a brief statement of

the facts underpinning the claims or defenses in the

action, as well as a brief statement of the legal issues

in the case; (2) a description of all discovery

conducted by the parties to date; (3) a description of

all discovery problems encountered to date, the efforts

undertaken by the parties to remedy these problems, and

the parties' suggested resolution of the problems; (4) a

description of the parties' further discovery needs; (5)

the parties' estimate of the time needed to complete

discovery; (6) a statement regarding whether expert

testimony will be necessary, and the parties'

anticipated schedule for retention of experts and

submission of their reports; (7) a statement regarding

whether there should be any limitation placed upon use

of any discovery device and, if so, the reasons the limitation is sought; (8) a description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, or discovery of digital information) (see L.Civ.R. 26(d)).

Sanctions may be imposed pursuant to Fed.R.Civ.P. 16(f) if Counsel or a *pro se* litigant either fails to appear at the conference or appears unprepared. Each attendant at the conference shall be fully familiar with the file, and have full authority to bind his or her clients in all pretrial matters.

       s/ Douglas E. Arpert
                       HONORABLE
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE
*******************************************************

                    ALTERNATIVE DISPUTE
                 RESOLUTION IN THE UNITED
                 STATES DISTRICT COURT FOR
                 THE DISTRICT OF NEW JERSEY


             Mediation is the Alternative Dispute
Resolution ( "ADR" ) program in this Court.  Mediation
is governed by Local Rule 301.1.  The mediation program
under this rule is supervised by a judicial officer (at
present United States Magistrate Judge Madeline Cox
Arleo) who is available to answer any questions about
the program.

             Any district judge or magistrate judge
may refer a civil action to mediation.  This may be done
without the consent of the parties.  However, the Court
encourages parties to confer among themselves and
consent to mediation.  Moreover, you are reminded that
when counsel confer pursuant to Rule 26(f) of the
Federal Rules of Civil Procedure and Local Rule 26.1,
one of the topics that must be addressed is the
eligibility of a civil action for participation in ADR.

             A civil action may be referred to
mediation at any time.  However, one of the advantages
of mediation is that, if successful, it enables parties
to avoid the time and expense of discovery and trial.
Accordingly, the Court encourages parties to consent to
mediation prior to or at the time that automatic
disclosures are made pursuant to Rule 26(a)(1) of the
Federal Rules of Civil Procedure.

             If parties consent to mediation, they
may choose a mediator either from the list of certified
mediators maintained by the Court or by the selection of
a private mediator.  If a civil action is referred to
mediation without consent of the parties, the judicial
officer responsible for supervision of the program will
select the mediator.

             Mediation is non-judgmental.  The role
of the mediator is to assist the parties in reaching a
resolution of their dispute.  The parties may confer

with the mediator on an ex parte basis.  Anything said
to the mediator will be deemed to be confidential and
will not be revealed to another party or to others
without the party's consent.  The first six hours of a
mediator's time is free.  The mediator's hourly rate
thereafter is $250.00, which is borne equally by the
parties.

           If you would like further information
with regard to the mediation program please visit the
Court's web site PACER, (pacer.njd.uscourts.gov) and
review the Guidelines for Mediation,  Appendix Q to the
Local Civil Rules.  You may also make inquiries of the
judicial officer responsible for supervision of the
program.

           Civil actions in which there are pro se
parties (incarcerated or not) are not eligible for
mediation.


                                   DNJ-Med-001
(08/01)