**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

CHAMBERS OF
FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

August 7, 2012

**LETTER MEMORANDUM AND
ORDER OF JUDGMENT**

**James Douris, pro se**
728 Tower View Drive
Newtown, PA 18940-2723

**Eric L. Harrison**
Methfessel & Werbel, Pc
3 Ethel Road
Suite 300
Po Box 3012
Edison, NJ 08818-3012

**Steven P. Goodell**
Herbert, Van Ness, Cayci & Goodell, Pc
3131 Princeton Pike
Bldg 4, Suite 114
Lawrenceville, NJ 08648

Re:     <u>Douris v. Hopewell</u>, Civ. A. No.: 10-2650 (FLW)

Dear Mssrs. Douris, Harrison and Goodell,

The Court is in receipt of Mr. James Douris's ("Douris" or "Plaintiff") "Fraud and Retaliation Motion" and subsequent filings. As I informed the parties on March 12, 2012, the

Court considered this a Motion for Reconsideration of the Court's February 23, 2012, Order and Opinion. Dkt. No. 58. The Court has also considered Defendant Hopewell Township's ("Hopewell" or "Defendant") letters and its Response as an opposition to that Motion.

On December 1, 2010, Defendant filed a First Amended Complaint alleging violations of the Americans with Disabilities Act. Then in May 2011, the parties entered into settlement negotiations and, ultimately, filed a Stipulation of Dismissal with the Court. Dkt. No. 29. Subsequently, Plaintiff refused to sign the Agreement and Release. The Court entered an Order on February 23, 2012, enforcing the Settlement between the parties. It is this Order that Plaintiff asks, albeit in an oblique fashion, the Court to Reconsider.

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). That rule allows parties to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the initial motion. L. Civ. R. 7.1(i). The burden on the moving party, however, is quite high. The movant must demonstrate either:

"(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  The Court will only grant such a motion if the matters overlooked might reasonably have resulted in a different conclusion. Bowers v. Nat'l Collegiate Athletic Assoc., 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  The rule does not contemplate "a recapitulation of arguments [previously] considered by the court before rendering its decision." Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 992). "Reconsideration is an extraordinary remedy, [and] it is to be granted very sparingly." NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996). Mere disagreement with a court's earlier decision is not sufficient grounds for reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F.Supp.2d 606, 609 (D.N.J. 2003). Douris' "Motion for Fraud and Retaliation" and his subsequent filings do not present any relevant or dispositive factual matters or legal decisions that were previously overlooked by the Court.  Rather, it is clear that Plaintiff is unhappy with the Court's prior decision and raises many of the same

arguments or matters that are irrelevant to the issues at hand.

For example, Douris complains about the font sized used by Defendant in its filings and asserts it is a violation of the ADA.  This has been a point that Plaintiff has raised numerous times before.  The Court can find no documents that were not originally filed in size 14 font, as requested by Plaintiff, or were filed when Douris was represented by Counsel, Mr. Anthony Brady.  There was no violation of the ADA with respect to Defendant's filings.

Douris repeats allegations that the ADA was violated because he was denied the ability to amend his complaint to include a Hobb's Act claim against Defendant. On October 26, 2010, the Court held a conference with counsel.  Before the conference, Douris filed and served Defendant with "Plaintiff's Hobb's Act Claim."  Dkt. No. 18.  The Court treated Plaintiff's papers as a motion to amend the complaint and denied the same without prejudice.  Dkt. No. 19. Subsequently, Plaintiff filed an amended complaint but did not include a Hobb's Act claim.  Dkt. No. 21.  I find no merit to Plaintiff's arguments nor has Plaintiff provided any

reason why I should reconsider my order because of this.

Also, on August 31, 2011, Plaintiff filed a motion alleging that Defendant failed to provide Plaintiff with discovery related to tax revenues.  Again, I do no reason why this should affect my prior decision to enforce the settlement.  Nor do I find any merit to the substance of Plaintiff's argument.  On January 31, 2011, Defendant provided Plaintiff with its initial disclosures.  Shortly thereafter Defendant provided its responses to Plaintiff's initial discovery requests. Defendant asserts that none of these initial discovery requests sought information regarding tax revenue received by the Hopewell and that it received no other discovery requests pertaining to tax revenue or any other matters.  Defendant was under no independent obligation to provide information or documents regarding the tax revenue it has received and therefore, it is not in default of any discovery obligation owed to the5 Plaintiff.[1]

---

[1] Plaintiff makes unsupported allegations that Hopewell has received $4,000,000 in tax revenue from Capital Health Systems.  The Court cannot find how this fact, even if true, has any bearing on Plaintiff's

Plaintiff also argues that under 16 C.F.R. Part 429 et seq., he was entitled to cancel the Settlement Agreement. This federal regulation, entitled "Rule concerning cooling-off period for sales made at home or certain other locations" governs door-to-door sales and is not at all applicable to the settlement agreement reached by the parties.

Plaintiff makes a number of other points that the Court has reviewed and considered. None of them are persuasive nor do any raise new issues of fact or law relevant to this matter. What is clear is that Plaintiff agreed with the terms of the settlement stating that he was "pleased with the settlement terms." Dkt. No. 33. Even now in his current motion, he admits that he "agreed to settle the on-going claim." That he subsequently changed his mind is unavailing for the same reasons I stated in my February 23, 2012, Order.

Based on the above, as well as the Court having considered the Motion pursuant to F.R.C.P. 78, and for good cause shown, it is on this 7th day of August, 2012:

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt.

---

decision to settle this matter.

No. 56) is DENIED.

                                  Very Truly Yours,

                                  /s/ Freda L. Wolfson
                                  Freda L. Wolfson, U.S.D.J.